# Township of Baldwin, Appellant, *v.* Borough of Overbrook.

*Municipalities—Boroughs—Townships—Adjustment of debt—War memorials—Storage vaults.*

A war memorial, erected by a township from which a borough is subsequently incorporated, is not a right or asset possessing a money value, to be taken into account in a financial adjustment between the two municipalities.

A storage vault, constructed by the supervisors of the township in the basement of a school house erected by the school district, has likewise no property value which would permit it to be taken into account in an adjustment proceeding.

Argued May 5, 1925.   Appeal No. 220, April T., 1925, by plaintiff from decree of C. P. Allegheny County, Sitting in Equity, April T., 1921, No. 1180, in the case of Township of Baldwin v. Borough of Overbrook.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Bill in equity under the provisions of chapter IV, article I, section 3, of the Act of May 14, 1915, P. L. 312, for the adjusting of the pre-existing rights and liabilities of a township, and a borough incorporated therefrom.   Before EVANS and FORD, JJ.

The case was referred to Harry J. Graham, Esq., as Master.

On exceptions to the Master's report the court sustained the exceptions in the following opinion:

The Borough of Overbrook was organized by a decree of the Court of Quarter Sessions of Allegheny County on December 26, 1919, out of territory theretofore included within the lines of Baldwin Township. At the above number and term Baldwin Township filed a bill in equity to adjust the rights and liabilities between the then existing township of Baldwin and the Borough of Overbrook.   An auditor was ap-

pointed; he filed his account, to which two exceptions have been filed.

There was certain movable property such as machinery for the construction and maintenance of public roads, which was retained by the township and settled for at an agreed sum. The indebtedness of the township and the proportionate share of that indebtedness of Overbrook Borough were settled. The amount of taxes due and unpaid at the time of the incorporation of the Borough was determined.

A short time prior to the incorporation of the Borough, Baldwin Township, at its own cost and expense, erected a memorial to the soldiers, sailors and marines of the late war from Baldwin Township, and that memorial was erected upon ground which, on the incorporation of the borough, came within the territorial limits of the borough, and the auditor charged to the borough the cost of the construction of this memorial, on the theory that this was a right within the meaning of the Act of May 14, 1915, P. L. 312, Chap. 4, of the original township of Baldwin; and that it being a fixed structure and falling within the lines of the borough, the borough was bound to accept it and pay the value to the township.

It is very questionable whether there is anything in the Act of 1915 which requires either borough or township to pay to the other for fixed structures built prior to the division and remaining either in one or the other. But assuming for the purposes of this case that the act does authorize the assessment of the borough for any fixed right or asset of the old township which is located within the lines of its territory, is this such a right as was contemplated by the act of assembly, which says that every such borough shall share in its proportion in the rights and liabilities of such township, existing at the time of its incorporation? If "rights" in the act of assembly mean assets, something from which the township or borough may derive

a material benefit, then certainly this was not a right within the contemplation of the act. Having been once erected, it is an obligation, because if the township had any authority to erect this memorial, of which there is at least considerable doubt, it was charged with the obligation of maintaining it, and when the organization of the borough threw this memorial within the lines of that municipality, it took by that fact, not any right or asset of the township but a liability, an obligation, to maintain the memorial.

As to the uses of the memorial, the people of Baldwin Township have the same use of it today that they had before Overbrook Borough was incorporated. Its purposes were purely patriotic. It was a memorial to let the people, particularly of this territory, know that these were the names of those of Baldwin Township who went to war in 1917. It serves the same purposes today for the people of Baldwin Township as it did before. They have the same use of it, if you may call it a use, and it stands today, not a memorial to the soldiers, sailors and marines of Overbrook Borough, but of Baldwin Township. We are of opinion that that is not an asset, coming within the meaning of the Act of 1915, and the cost of that construction should not be charged to Overbrook Borough. Overbrook Borough has already paid its share of the cost of building the memorial in the taxes which it paid and which went to pay the cost of the construction.

Sometime before the incorporation of Overbrook Borough the school-district of Baldwin Township erected a school house. By some arrangement between the township and the school district, nothing in writing, the township constructed as a part of that school building a vault, with an arrangement whereby the township had been given the right, or privilege, of depositing in that vault its records. In the organization of the Borough of Overbrook this school house came within the lines of the borough and is the property of

the school district of Overbrook Borough. The Auditor charged the cost of construction of that vault to the Borough of Overbrook. The vault is a part of the school house. If it has any value, its value is in the school building. It has no separate and independent value. It is a part of the building, and the value of that school building has nothing to do with this proceeding, but was undoubtedly settled in the adjustment of the rights and liabilities of the two school districts.

So far as the facts appear in this case, Baldwin Township had nothing but a license to deposit its papers in that vault, a license which could have been terminated by the school district at any time, and we see no reason why the Borough of Overbrook should be charged with the cost of the construction of that vault. Let a decree be made in accordance with the above opinion.

And now, June 25, 1924, the exceptions to the Auditor's report in the above entitled case are sustained.

Township of Baldwin appealed.

*Error assigned,* among others, was the decree of the court.

*Henry A. Jones,* for appellant.—The memorial was a property right and the appellant was entitled to an adjustment therefor: 28 Cyc. of Law and Procedure 632; Hill v. Roberts, 142 Tenn. 215 (1920, S. C. 217, S. W. Rep. 826), at page 226; Parson v. Van Wyck, 56 N. Y. App. Div. 329 (1910, S. C., 67 N. Y. Supp. 1054), at page 339; Tompkins v. Hodgson (2 Hun. 146); Hoyt v. Gleason (65 Fed. Rep. 685).

Defendants succeeded to the plaintiff's rights in the vault and the plaintiff was entitled to an adjustment: Cole v. Ellwood Power Company, 216 Pa. 283 (1907) syl. 1, Elkins, J., on page 289; Park Steel Company v. Allegheny Valley Ry. Company, 213 Pa. 322 (1906),

page 326; School District of Wilkins Township v. Milligan, 88 Pa. 96 (1878); Borough of Oil City v. City of Oil City, Leg. Gaz. (Pa.), 407, (1871), syl. 1; Adjustment of Indebtedness between School District of Wilkins Township and School District of Turtle Creek, 48 Pgh. Legal Journal 189 (1900) (reversed on another point in 18 Pa. Superior Ct. 293), syl. 1.

*John E. Laughlin,* for appellee.

Opinion by Henderson, J., July 9, 1925:

The Borough of Overbrook was incorporated out of a part of the Township of Baldwin by decree of the Court of Quarter Sessions of Allegheny, and this is a proceeding in equity under the Act of May 14, 1915, P. L. 312, to adjust the rights and liabilities of the respective municipalities. The only subjects of dispute are claims presented by the township for the cost of a memorial erected in honor of citizens of the township who took part in the war against Germany, Austria, Turkey and Bulgaria, and the right to use a vault in the basement of a school building erected by the Baldwin Township School District; the memorial and the school house being within the limits of the new borough. The memorial has an honor roll inscribed on a tablet having a stone foundation placed on private property at or near the intersection of two principal streets in the borough. Assuming that it was paid for out of public funds, and that the part of the township now within the borough contributed proportionately to the cost of the structure, it is in no sense a municipal building and is not property available for use by the borough. It has a sentimental, but no productive value, and expresses as fully now as before the division of the township the purpose for which it was erected and as worthily and effectively represents the patriotic feeling of the community as it did before the division. Its presence within the borough limits does

not confer on the municipality any right that is capable of appraisement under the statute, nor are we able to find in that enactment any warrant for treating the memorial as an asset or right possessing a money value to be taken into account in an adjustment proceeding.

The vault referred to seems to have been constructed by the supervisors of the township in the basement of a school house erected by the school district. No writing evidences the arrangement with reference to it and so far as may be ascertained the right was at best a license. The permission so to use the school house is not shown to be valuable to the borough even if it were enforceable before the division. No property value therefore passed to the borough and the claim was properly dismissed. The full and convincing opinion of the learned trial judge relieves us from further discussion of the case.

The decree is affirmed at the cost of the appellant.